IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DANIEL H. DIERKING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-03128 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 13). Judge Schanzle-Haskins recommends that this Court grant Plaintiff Daniel Dierking's Motion for Summary Judgment (d/e 9), deny Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e 10), and reverse and remand the decision of the Commissioner denying Plaintiff's applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) (collectively Disability Benefits).

Objections to the Report and Recommendation were due on August 6, 2018. Neither party filed objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews <u>de novo</u> any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." <u>Johnson v. Zema Sys. Corp.</u>, 170 F.3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found that the Administrative Law Judge (ALJ) did not minimally articulate his analysis of all the relevant evidence. Specifically, Judge Schanzle-Haskins found that the ALJ improperly failed to address whether Plaintiff's diagnoses of hypersomnia and narcolepsy were medically determinable impairments, and if so, whether the impairments were severe for the purposes of Step 2 of the Analysis. Judge Schanzle-Haskins

also concluded that the ALJ did not explain why he found that Plaintiff's sleep impairment did not have more than a minimal impact on his ability to engage in work activities from the September 19, 2013 appointment with Dr. Rai until the October 23, 2014 appointment with Dr. Rai.

Judge Schanzle-Haskins determined that, on remand, the ALJ should address whether Plaintiff had a severe impairment due to narcolepsy or hypersomnia. Judge Schanzle-Haskins further concluded that the ALJ should analyze the relevant evidence to determine whether Plaintiff could have had a significant problem with daytime sleepiness from September 19, 2013, to October 23, 2014.

The Report and Recommendation also addresses the issues the Commissioner raised in the Motion for Summary Affirmance. The Commissioner argued that Plaintiff could have sought treatment during the 13 months from September 2013 to October 2014. The Commissioner also argued that even if Plaintiff did not have medical coverage during that time, Plaintiff could have sought treatment from free clinics or other cost-effective sources and that Plaintiff had the burden to show that he had done so.

Judge Schanzle-Haskins found that he did not need to rule on the merits of these arguments in light of the fact that the ALJ did not directly address Plaintiff's condition during that time period.

After reviewing the record, the Report and Recommendation, the parties' motions and memoranda, and the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

**(1)    The Report and Recommendation (d/e 13) is ADOPTED in its entirety.**

**(2)    Plaintiff's Motion for Summary Judgment (d/e 9) is GRANTED.**

**(3)    Defendant's Motion for Summary Affirmance (d/e 10) is DENIED.**

**(4)    The decision of the Commissioner is REVERSED and the cause is REMANDED to the Commission for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).**

**(5)    THIS CASE IS CLOSED.**

**IT IS SO ORDERED.**

**ENTER: August 7, 2018**

FOR THE COURT:                 <u>s/ Sue E. Myerscough</u>
                                               SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE